IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV517-1-MU

| | |
|---|---|
| EDWARD L. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DANNY WRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983.

In a long and rambling Complaint, Plaintiff sets forth a series of allegations against sixteen named defendants alleging that they have, through their actions, inaction, and comments violated his constitutional rights.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002)(holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life).

Despite being intimately familiar with the federal litigation process[1] Plaintiff admits that he has elected not to exhaust his administrative remedies. That is, in response to a Court Order requesting that he "file a sworn statement . . . showing exhaustion of remedies or a copy of the grievance itself," Plaintiff responded that he did not exhaust his administrative remedies because he feared that he would be retaliated against. Plaintiff, however, did not provide any specifics with regard to this alleged fear and a generalized fear of retaliation is simply insufficient to overcome the exhaustion requirement. This is particularly true in the instant case where Plaintiff's Complaint demonstrates that he did not hesitate to register complaints about anything and everything that he did not like about prison. There is no indication in his Complaint that Plaintiff ever stopped filing grievances,[2] asserting oral or written complaints, or appealing disciplinary convictions during the entire time period he was housed at Brown Creek Correctional. Indeed, in or about December 2003, Plaintiff attempted to take out an arrest warrant against one of the defendants. Quite simply his conduct, as set forth by Plaintiff himself, does not support a conclusion that he failed to exhaust his administrative remedies because he feared for his safety. Moreover, the Court notes that despite very similar claims of a general overall conspiracy against him, Plaintiff did in fact exhaust his administrative remedies for an October 2002 law suit that he filed while at Brown Creek Correctional. (3:02CV433-1-MU). Finally, despite providing in depth details of his claims, the Court notes that Plaintiff does not claim that he was warned not to file grievances. Consequently,

---

[1] A search of the case party index on the federal court system reveals that Plaintiff has initiated at least 10 lawsuits pursuant to 42 U.S.C. § 1983.

[2] It appears that Plaintiff did file numerous grievances while at Brown Creek Correctional. From what this Court can ascertain, however, none of these grievances were pursued through all steps of the grievance process.

because Plaintiff has not satisfied the mandatory exhaustion requirement of § 1997e, Plaintiff's Complaint is dismissed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Signed: April 10, 2006

Graham C. Mullen
United States District Judge